## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Kimberly A. Suhi, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit, pursuant to Federal Rule of Criminal Procedure 4, in support of an application for a criminal complaint and an accompanying arrest warrant for **Bryan Figueroa Guzman** ("**Guzman**"). All dates, locations, and amounts referenced in my affidavit are approximations.

2. I am a Special Agent ("SA") of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed for 21 years. My responsibilities include investigating and enforcing the federal firearms laws. I attended the Criminal Investigator Training Program at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia, for 10 weeks in 2003, where I received training and instruction as a Special Agent, including firearms training, the execution of search and arrest warrants, investigative techniques, and legal instruction, which covered Fourth Amendment searches and seizures. Subsequently, for 14 weeks in 2003, I attended specialized training known as New Professional Training through ATF at FLETC, where I received instruction in firearms technology and identification, firearms trafficking, explosives, and arson. During my career as a Special Agent, I have testified on several occasions in grand jury proceedings, where my testimony has contributed to the indictment of numerous individuals; have obtained numerous federal search warrants; have been involved with the execution of state and federal search and seizure warrants where firearms and controlled substances have been seized; and have participated in numerous arrests of individuals charged with federal and/or state firearm and narcotic violations.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended

**SEALED**

to show merely that there is sufficient probable cause for the requested complaint and warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that **Guzman** has violated 18 U.S.C. § 922(o) (illegal possession of a machinegun) in the Southern District of Alabama. The elements of 18 U.S.C. § 922(o) are: (the defendant possessed a "machinegun"; and (2) the defendant knew it was a machinegun or was aware of the firearm's essential characteristics that made it a "machinegun" as defined in federal law. Pattern Crim. Jury Instr. 11th Cir. OI O34.8 (Apr. 2024). Federal law defines "machinegun" to include any weapon that "shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger," including "any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person." 26 U.S.C. § 5845(b) (incorporated by 18 U.S.C. § 921(a)(24)).

## PROBABLE CAUSE

5. On December 14, 2024, ATF SA Anna Beth Evans arranged a meeting between an ATF confidential informant (the "CI") and **Guzman** to purchase an illegal machinegun-conversion device ("MCD"). Prior to the meeting, agents searched the CI and the CI's vehicle for any contraband, finding none. Agents then equipped the CI with audio/video recording equipment and provided the CI with agent cashier funds to purchase the MCD.

6. Surveillance teams followed the CI to a predetermined location within the Southern District of Alabama. **Guzman** arrived at the predetermined location in a black Ford F-150 bearing Alabama license plate number 2A0CN7B. The CI entered **Guzman's** truck and **Guzman** handed

SEALED

the CI a Glock pistol. The CI paid **Guzman** $470.00 in agent cashier funds for the firearm. The CI asked **Guzman** about the MCD, but **Guzman** stated he did not have it.

7. Once the encounter had concluded, agents followed the CI to another predetermined location. The CI turned the firearm over to me, and agents turned off the audio/video recording device. Agents again searched the CI and the CI's vehicle for any contraband, again finding none, and the CI turned over all leftover monies to SA Evans. The firearm that **Guzman** sold the CI was a Glock, model 27Gen4, .40 caliber pistol, bearing serial number BBTX057, which was loaded with nineteen rounds of .40 caliber ammunition. Agents queried the National Crime Information Center and determined that the firearm had not been reported stolen.

8. On January 20, 2025, agents coordinated a second purchase from **Guzman** during which the CI was again going to purchase an MCD from **Guzman**. Agents searched the CI and the CI's vehicle for any contraband, finding none. Agents equipped the CI with audio/video recording equipment and provided the CI with agent cashier funds to purchase the MCD.

9. Surveillance teams followed the CI to a predetermined location within the Southern District of Alabama. **Guzman** asked the CI to drive to an apartment complex near the predetermined location. The CI met with **Guzman** outside the apartment buildings, near the front parking lot. The CI and **Guzman** conversed for a few minutes, and **Guzman** asked the CI if he was working for the police. When the CI responded negatively, **Guzman** stated that he had two MCDs for sale. **Guzman** stated that his source for the MCDs only gave him two MCDs because the source did not really trust him. **Guzman** asked to see the CI's phone and looked into the CI's vehicle.

**SEALED**

10. The CI asked **Guzman** how much he wanted for the MCDs. **Guzman** responded, "6," meaning $600.00. The CI then paid **Guzman** $600.00 for two MCDs.

11. Once the encounter had concluded, agents followed the CI to another predetermined location. The CI turned the MCDs purchased from **Guzman** over to SA Evans, and agents turned the audio/video recording devices off. Agents searched the CI and the CI's vehicle for any contraband, again finding none, and the CI turned over all leftover monies to SA Evans.

12. On March 6, 2025, agents coordinated a third purchase from **Guzman** during which the CI was again going to purchase an MCD from **Guzman**. Agents searched the CI and the CI's vehicle for any contraband, finding none. Agents equipped the CI with audio/video recording equipment and provided the CI with agent cashier funds to purchase the MCD.

13. Surveillance teams followed the CI to a predetermined location within the Southern District of Alabama. Agents observed **Guzman** walking from the front of a business towards the CI's vehicle. The CI then paid **Guzman** $300.00 for an MCD. **Guzman** had placed the MCD in the bed of the CI's vehicle without the CI knowing, and the CI had to ask where it was. **Guzman** told the CI that his source should have more MCDs in three weeks. **Guzman** stated that his source gets the MCDs from overseas.

14. **Guzman** walked away from the CI, talking on his phone and looking around the parking lot. **Guzman** then got into a black Toyota Corolla bearing Alabama license plate number 5C00ANU, which was driven by an unknown female.

15. The CI then drove back to another predetermined location. The CI turned the MCD purchased from **Guzman** over to SA Evans, and agents turned off the audio/video recording device. Agents searched the CI and the CI's vehicle for any contraband, again finding none, and the CI turned over all leftover monies to SA Evans.

**SEALED**

16. On March 5, 2025, ATF Firearms Enforcement Officer ("FEO") John Miller examined the two of the MCDs purchased from **Guzman**. FEO Miller affixed the MCDs to a Glock semiautomatic firearm and confirmed that the MCDs transformed the semiautomatic firearm into a fully automatic machinegun. FEO Miller provided an oral finding that the MCDs are, therefore, illegal machineguns as defined in federal law. FEO Miller is in the process of capturing his findings in an official report.

17. Based on the foregoing, I believe probable cause exists that **Guzman** has violated 18 U.S.C. § 922(o) (possession of a machinegun) in the Southern District of Alabama.

18. Accordingly, I respectfully request that the Court issue a criminal complaint and an accompanying arrest warrant for **Guzman**.

Respectfully submitted,

KIMBERLY SUHI
Digitally signed by KIMBERLY SUHI
Date: 2025.03.14 08:06:55 -05'00'

Kimberly A. Suhi
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

THE ABOVE AGENT HAD ATTESTED
TO THIS AFFIDAVIT PURSUANT TO
FED. R. CRIM. P. 4.1(b)(2)(B) THIS
__14th____ DAY OF MARCH 2025

P. Bradley Murray
Digitally signed by P. Bradley Murray
Date: 2025.03.14 11:13:03 -05'00'

P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE

**SEALED**